# Jones's Administrator *v*. Ray.

### *Statutory Real Action in Nature of Ejectment.*

*Sale of lands after defendant's death, under fi. fa. levied in his lifetime.* — Under the statute which allows an execution, received by the sheriff during the defendant's lifetime, to be levied after his death (Rev. Code, § 2875), lands may be sold after the defendant's death, under a levy made in his lifetime, and personal notice thereof given to him.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAMES Q. SMITH.

WATTS & TROY, and D. T. BLAKEY, for appellant.

STONE & CLOPTON, and P. T. SAYRE, *contra.*

B. F. SAFFOLD, J. — The suit is ejectment by the appellant against the appellees. The land was conceded to have been the property of the plaintiff's intestate at the date of his death, on the 28th of December, 1866. The defendants claimed through a sale under execution made by the sheriff on the third Monday of February, 1867, under the following circumstances : J. M. Williams obtained a judgment against the decedent, on the 2d of June, 1866. Execution was issued on it without the lapse of a term, when, on the 8th of December, 1866, a second *alias* was levied on the lands in controversy, and personal notice thereof given to the defendant in his lifetime. Due advertisement was made, and the sale took place under this execution and levy ; the defendant's vendors becoming the purchasers, paying the purchase-money, and receiving the sheriff's deed. Upon these facts, the court, by request, charged the jury to find for the defendants. The plaintiff took a nonsuit.

Section 2875 of the Revised Code provides, that "A writ of *fieri facias*, issued and received by the sheriff during the life of the defendant, may be levied after his decease, or an *alias* issued and levied, if there has not been the lapse of an entire term, so as to destroy the lien originally created." The charge of the court so exactly applies this law to the facts detailed, that there is no escape from its correctness, except in the unconstitutionality of the law. The appellant does not make that question, and we see no ground upon which such an objection could be maintained.

The judgment is affirmed.